UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

CASE NO:

FOUNDATION CHURCH INC.,

    Plaintiff,

vs.

INDEPENDENT SPECIALTY INSURANCE
COMPANY & CERTAIN UNDERWRITERS
AT LLOYD'S AND OTHER INSURERS
SUBSCRIBING TO BINDING AUTHORITY
B604510568622021,

    Defendants.

_____/

## NOTICE OF REMOVAL

Defendants, Independent Specialty Insurance Company ("ISIC") and Certain Underwriters at Lloyd's London and Other Insurers Subscribing to Binding Authority B604510568622021 ("Underwriters"), remove to this Court the civil action filed by Plaintiff, Foundation Church Inc. ("Foundation"), in the Circuit Court of Lee County, Florida under 9 U.S.C. § 203, 205 and 28 U.S.C. §§ 1331, 1441, and 1446. This Court has subject-matter jurisdiction over this lawsuit for the following reasons.

## I.   <u>BACKGROUND FACTS</u>

1.     Foundation Church Inc. filed a Complaint for Breach of Contract in the case styled *Foundation Church Inc. v. Independent Specialty Insurance Company and Certain Underwriters at Lloyd's London and Other Insurers Subscribing to Binding Authority B604510568622021*, in the Circuit Court of the 12th Judicial Circuit for Lee County, Florida, Case No. 23-CA-011591 (the "State Court Action"). At the time of this removal, the only documents filed in the State Court Action are the: (1) Civil Cover Sheet; (2) Standing Case Management Plan/Order; (3) Complaint; (4) Plaintiff's First Request for Admissions to Defendant; (5) Plaintiff's First Request to Produce to Defendant; (6) Plaintiff's First Set of Interrogatories to Defendant; (7) Summons issued to ISIC; (8) Summons issued to Underwriters;  (9) Plaintiff's Notice of Appearance; (10) Plaintiff's Notice of Filing of Service of Process as to ISIC; and (11) Plaintiff's Notice of Filing of Service of Process as to Underwriters. Copies of all documents filed in the State Court Action are attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

2.     In the State Court Action, Foundation seeks damages from Defendants for all damage to its property located at 13000 Tamiami Trail, North Port, Florida 34287-2276 (the "Property").

3.     The Property was insured by Defendants under Policy Number 2022-809288-01.  The Policy is an insurance contract between Plaintiff and Defendant

Insurers, including ISIC and Certain Underwriters at Lloyd's London and Other Insurers Subscribing to Binding Authority B604510568622021.

4.      Certain Underwriters at Lloyd's, London refers to an unincorporated association of members that insure risks through the Lloyd's of London insurance market. These members often subscribe to risks through syndicates, which are administrative entities. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010).

5.      Here, RenaissanceRe Corporate Capital (UK) Limited ("RenRe Ltd.") participated in the risk through the Lloyd's of London insurance market as the sole member of Syndicate 1458.  RenRe Ltd is a private limited company incorporated under the laws of England and Wales with its principal place of business in England and Wales.  RenRe Ltd. is a citizen of England and Wales. *See* RenaissanceRe Corporate Capital (UK) Limited's Certificate of Incorporation, a true and correct copy attached as **Exhibit B**.

6.      RenaissanceRe Specialty U.S. LTD ("RenRe U.S.") participated in the risk through binding agreement B604510568622021.  RenRe U.S. is a private limited company incorporated under the laws of Bermuda, a territory of England and Wales, with its principal office in Bermuda.

7.      Defendants and Foundation agreed to arbitrate all matters in dispute. The arbitration provision provides:

### 3.     Arbitration Clause and Choice of Law

All matters in difference between an insured and the Insurer (hereinafter referred to as "the Parties") in relation to this insurance, including its formation, validity, and the arbitrability of any dispute, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out. This Arbitration Clause applies to all persons or entities claiming that they are entitled to any sums under the policy, including, but not limited to, additional insureds, mortgagees,  lender's loss payees**,** assignees, and/or lienholders.

1.     This provision governs the appointment of the Arbitration Tribunal. Unless the Parties otherwise agree, the Arbitration Tribunal shall consist of disinterested persons currently or formerly employed or engaged in a senior position in insurance underwriting or claims at an insurance company. The Arbitrators may not have any interest or claimed interest in the outcome of the arbitration, including any contingency interest or an assignment of any portion of the claim.

The Parties may agree upon a single Arbitrator within thirty days (30) of one receiving a written request from the other for arbitration.   If they do not agree on one Arbitrator, the Claimant (the party requesting arbitration) shall appoint his or her Arbitrator and give written notice thereof to the Respondent (the party receiving a request for arbitration). Within thirty days (30) of receiving such notice, the Respondent shall appoint his or her Arbitrator and give written notice of his or her selection to the Claimant. If the Respondent does not provide written notice of his or her Arbitrator within thirty days (30) of receiving the Claimant's notice, the Claimant may nominate an Arbitrator on behalf of the Respondent.

The two Arbitrators shall then select an Umpire.  If the two Arbitrators fail to agree on the selection of the Umpire within thirty (30) days of the appointment of the second named Arbitrator, each Arbitrator shall submit to the other a list of three Umpire candidates.  Each Arbitrator shall

then select one name from the list submitted by the other. The Umpire shall be selected from the two names chosen by a lot drawing procedure to be agreed upon by the Arbitrators. The Umpire must also be currently or formerly employed or engaged in a senior position in insurance underwriting or claims at an insurance company. The Umpire may not have any interest or claimed interest in the outcome of the arbitration, including any contingency interest or an assignment of any portion of the claim.

The Arbitration Tribunal consists of the Umpire, the Claimant's selected Arbitrator, and the Respondent's selected Arbitrator.

2.    The Arbitration Tribunal shall have the power to fix all procedural rules for the Arbitration, including discretionary power to make orders as to any matter which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses, and any other matter whatsoever relating to the conduct of the Arbitration. The Arbitration Panel may receive and act upon such evidence in its discretion, regardless of whether that evidence is oral or written or strictly admissible or not.

3.    The seat of the Arbitration shall be in New York, unless some other location is agreed to by the Parties and the Arbitration Tribunal. The Arbitration Tribunal shall apply the law of New York when resolving all matters in difference between the Parties, regardless of the location of the Arbitration.

4.    The Arbitration Tribunal may not award exemplary, punitive, multiple or other damages of a similar nature.

5.    The parties shall each bear their own costs, expenses and attorney's fees in any Arbitration proceeding. Each party will also bear the costs of its own Arbitrator and will bear, jointly and equally with the other party, the costs of the Umpire. The Arbitration Tribunal will allocate the remaining costs of the arbitration.

6.     The award of the Arbitration Tribunal shall be in writing and binding upon the Parties, who covenant to carry out the same.  If either of the Parties should fail to carry out any award, the other may apply for its enforcement as permitted by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

7.     The provisions in this Arbitration Clause are severable, and if any portion is found to be unenforceable, the other paragraphs, or parts thereof, shall remain full, valid and enforceable.

*See* Policy attached hereto as **Exhibit C**, at SMB 300 2106 CW ALL COMMERCIAL PROPERTY Pages 27-28 of 39.

8.     On September 13, 2023, counsel for Plaintiff served two Notices of Intent to Initiate Litigation  ("Notice of Intent") pursuant to Florida Statutes Section 627.70152.

9.     On September 19, 2023, prior to the filing of the State Court Action, counsel for Defendants timely filed a response to the Notice of Intent. The response to the Notice of Intent invoked arbitration pursuant to the Policy's Property Loss Conditions as set forth above. *See* September 19, 2023 correspondence attached hereto as Exhibit C.

## II.     JURISDICTION IS PROPER UNDER 28 U.S.C. § 1331

10.     This case is removable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (commonly known as the New York Convention) and 9 U.S.C. § 205 because: (1) there is a written agreement to arbitrate;

(2) the arbitration agreement falls under the New York Convention; and (3) the dispute relates to the arbitration agreement.

11.     In particular, this Court has jurisdiction under 28 U.S.C. § 1331, which provides that federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  This matter arises out of a treaty, the New York Convention.  This is clarified by 9 U.S.C. § 203, which provides: "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."  9 U.S.C. § 203.

12.     Because this court has original jurisdiction, removal is proper under 9 U.S.C. § 205, which states, in pertinent part:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205 (emphasis added).

13.     Thus, under 9 U.S.C. § 205, removal is proper when: (1) an arbitration agreement falls under the New York Convention; and (2) the dispute relates to the

arbitration agreement. *See Bautista v. Star Cruises*, 396 F.3d 1289, 1294 (11th Cir. 2005).

14.　　Here, removal is proper because the Arbitration Agreement falls under the New York Convention and this dispute relates to the arbitration agreement.

**A.　The Arbitration Agreement Falls Under the New York Convention.**

15.　　An agreement falls under the Convention if: (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the arbitration agreement is not an American citizen. *Id.*

16.　　Courts undertake a very *limited inquiry* when determining whether an agreement falls under the Convention. *See Polescuks v. Carnival Corp.*, 06-22369-CIV, 2007 WL 9706018, at *2 (S.D. Fla., Sept. 21, 2007) (quoting *Ledee v. Ceramiche Ragno*, 684 F.2d 184, 186-187 (1st Cir. 1982)).

17.　　Here, the factors are clearly met: (1) the Policy's Arbitration Clause is a written agreement to arbitrate this dispute; (2) the agreement provides for arbitration in New York, and the United States is a Convention signatory;[1] (3) the

---

[1] United Nations Commission on International Trade Law, *Status: Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958)*, https://uncitral.un.org/en/texts/arbitration/conventions/foreign_arbitral_awards/status2 (last visited Sept. 15, 2021).

agreement arises out of a commercial relationship between Plaintiff and the Defendants; and (4) two of the Defendant Insurers are not American citizens.  In particular, RenRe Ltd. and RenRe U.S. are not American citizens. Moreover, because these members subscribed to the Policy through the Lloyd's of London insurance market in the United Kingdom, the Arbitration Agreement has a "reasonable relation" to a foreign state.  Courts within the Eleventh Circuit (as well as courts across the country who have considered the issue) have consistently upheld arbitration provisions that bind members of the Lloyd's insurance market. *See e.g. VVG Real Estate Investments v. Underwriters at Lloyd's, London,* 317 F. Supp. 3d 1199, 1205 (S.D. Fla. 2018); *German Int'l Sch. of Fort Lauderdale, LLC v. Certain Underwriters at Lloyd's, London*, CV 19-60741-CIV, 2019 WL 2107260, at *3 (S.D. Fla., May 14, 2019); *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991); *Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, No. 20-cv-102, 2021 WL 359735 (M.D. La., Feb. 2, 2021); *1010 Common, LLC v. Certain Underwriters at Lloyd's, London*, No. CV 20-2326, 2020 WL 7342752 (E.D. La., Dec. 14, 2020); *Woodward Design + Build, LLC v. Certain Underwriters at Lloyd's London*, No. 19-cv-14017, 2020 WL 5793715 (E.D. La., Sept. 29, 2020).

18.    The Eleventh Circuit's four-part test is satisfied, and the Arbitration Agreement clearly falls under the Convention.

**B.      The Dispute Relates to the Arbitration Agreement**

19.     The subject matter of this action "relates to" an arbitration agreement under 9 U.S.C. § 205. Courts have found that an action "relates to" an arbitration agreement when the action has some connection, relation, or reference to the arbitration agreement.  *Acosta v. Master Maint. & Const. Inc*., 452 F.3d 373, 376 (5th Cir. 2006) "The phrase 'relates to' 'conveys a sense of breadth' and 'sweeps broadly.'" *Id.* at 377 (quoting *Beiser*, 284 F.3d at 669). "[A] clause determining the forum for resolution of specific types of disputes relates to a lawsuit that seeks the resolution of such disputes." *Id.* at 379.

20.     In this case, Foundation claims that Defendants failed to fully indemnify Foundation for damage to the Property.  This is a "matter in dispute" that should be resolved through Arbitration.  Thus, the subject matter of Foundations' action relates to the Arbitration Agreement.

21.     For these reasons, removal is proper under 9 U.S.C. § 205 because the Arbitration Agreement falls under the New York Convention and this dispute relates to the Arbitration Agreement.

## III.    REMOVAL PROCEDURE

22.     Removal of this action is timely. Both ISIC and Underwriters were served on October 19, 2023.  Thus, removal is timely under 28 U.S.C. § 1446(b)(1).

23.     Further, removal is timely under 9 U.S.C. § 205.  Removal under this statute is broader than removal under the general removal statutes, 28 U.S.C. §§ 1441, 1446.  *Acosta*, 452 F. 3d 377.  In particular, defendants may remove an action that relates to an arbitration agreement falling under the New York Convention "at any time before the trial thereof."  Because this case is still in its beginning stages and trial has not begun, removal is timely under 9 U.S.C. § 205.

24.     Removal is properly made to the United States District Court for the Middle District of Florida – Orlando Division under 28 U.S.C. § 1441(a) and 9 U.S.C. § 205 because Lee County, Florida, where the State Court Action is pending, is within the territorial jurisdiction of this Court.

25.     ISIC and Underwriters are the only defendants and consent to removal.

26.     Promptly after filing this Notice of Removal with the Court, Defendants will file written notice of the filing with the Clerk of the Court where the State Court Action is pending, in satisfaction of 28 U.S.C. § 1446(d).

27.     All procedural requirements have been satisfied. Thus, removal is procedurally proper.

**WHEREFORE**, Defendants remove this action from the County Court of Lee County, Florida and to the Middle District of Florida.

Respectfully submitted: November 10, 2023

Respectfully submitted,

/s/ Drew M. Newman
**VINCENT P. BEILMAN, III, ESQ.**
Florida Bar No: 23966
**RICHARD M. SINGER, ESQ.**
Florida Bar No: 93036
**DREW MARIS NEWMAN, ESQ.**
Florida Bar No: 1031438
**WOOD, SMITH, HENNING &
BERMAN, LLP**
7835 NW Beacon Square Boulevard
Second Floor
Boca Raton, Florida 33487
Telephone : (954) 932-3498
dnewman@wshblaw.com
rsinger@wshblaw.com
ojimenez@wshblaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 10, 2023, a copy of the foregoing

was served on all parties via CM/EFT E-file portal as follows:

Kyle Mathew Hyman, Esq.
Cohen Law Group, P.A.
350 N. Lake Destiny Road
Maitland, Florida 32751
(407) 478-4878
Khyman@itsaboutjustice.law
Erin@itsaboutjustice.law
*Counsel for Plaintiff*

/s/ Drew M. Newman
**Drew M. Newman, ESQ.**